Matter of Vasquez (2021 NY Slip Op 07300)





Matter of Vasquez


2021 NY Slip Op 07300


Decided on December 22, 2021


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
LEONARD B. AUSTIN, JJ.


2019-11990

[*1]In the Matter of Jorge A. Vasquez, admitted as Jorge Armando Vasquez, a suspended attorney. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Jorge A. Vasquez, respondent. (Attorney Registration No. 5223870)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts pursuant to 22 NYCRR 1240.8. The Grievance Committee served the respondent with a notice of petition and a verified petition, both dated October 24, 2019. The respondent served and filed a verified answer dated December 4, 2019. Subsequently, the Grievance Committee filed a statement of disputed and undisputed facts dated January 14, 2020, which the respondent did not oppose. By decision and order on motion dated September 16, 2020, this Court, inter alia, immediately suspended the respondent from the practice of law, pursuant to 22 NYCRR 1240.9(a)(2) and (5), and referred the issues raised to the Honorable Charles J. Thomas, as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on April 30, 2014, under the name Jorge Armando Vasquez.



Diana Maxfield Kearse, Brooklyn, NY (Sara Mustafa of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a verified petition dated October 24, 2019, containing two charges of professional misconduct. Following a prehearing conference held on November 24, 2020, and a hearing conducted on December 21, 2020, the Special Referee filed a report dated March 17, 2021, in which he sustained all charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as the Court deems just and proper. The respondent has not served any papers in opposition or in response to the motion to confirm.
The Petition 
The petition contains two charges of professional misconduct, alleging that the respondent misappropriated funds entrusted to him as a fiduciary, incident to his practice of law (charge one), and failed to safeguard funds entrusted to him as a fiduciary incident to his practice of law (charge two), in violation of rule 1.15(b)(1) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
In or about September 2017, the respondent represented the plaintiff in a divorce action entitled Isakharov v Isakharov , commenced in the Supreme Court, Queens County, under Index No. 4233/17. On August 13, 2018, the parties and their attorneys signed a stipulation providing for the sale of the marital residence and the distribution of the sale proceeds. The [*2]stipulation directed the respondent to hold in an attorney escrow account to be maintained at Chase Bank (1) $200,000 of the sale proceeds belonging to both parties to cover any marital debt, and (2) $10,000 from his client's share of the sale proceeds for any "default amount" owed on the mortgage encumbering the marital residence.
The respondent attended the real estate closing on August 14, 2018, as the plaintiff's attorney and received three checks in the sums of $460,921.54, $10,000, and $41,471.07, totaling $512,392.61. On that same day, the respondent deposited the checks for $460,921.54 and $10,000 into his non-escrow checking account at Bank of America entitled "Jorge Vasquez's, New York Litigators, Inc.," account number ending in 5595 (hereinafter the Litigators account). He deposited the check for $41,471.07 into his non-escrow checking account at Bank of America entitled "Vasquez & Associates Real Estate Inc. d/b/a Exit Realty Direct," account number ending in 7658 (hereinafter the Realty account).
On August 27, 2018, the respondent paid his client the sum of $290,392.60 by check no. 1341 drawn on the Litigators account. After accounting for his legal fees in the amount of $12,000, the respondent was required to hold $210,000 in escrow pursuant to the August 13, 2018 stipulation.
Between August 14, 2018, and August 31, 2018, the respondent repeatedly withdrew funds from the Litigators account to pay personal credit cards, reducing the balance to $42,304 as of August 31, 2018.
The respondent issued, inter alia, a check in the sum of $20,000 payable to an individual unrelated to the Isakharov transaction, which cleared from the Realty account on August 15, 2018, in large part against the money deposited from the Isakharov transaction. The respondent also made other unrelated disbursements from the Realty account, reducing the balance to $600.41 as of August 31, 2018.
As of August 31, 2018, the combined balance in the Litigators account and the Realty account was $42,904.41, well below the $210,000 amount the respondent was required to hold in escrow pursuant to the August 13, 2018 stipulation.
The petition alleges that the respondent had failed to pay his client any of the funds to which he is entitled.
Findings and Conclusion 
In view of the respondent's admissions and the evidence adduced, we find that the Special Referee properly sustained all charges. The Grievance Committee's motion to confirm the report of the Special Referee is granted.
We find that the respondent failed to safeguard funds in an attorney escrow account and misappropriated funds entrusted to him as a fiduciary incident to his practice of law. In determining an appropriate measure of discipline to impose, we have considered, in mitigation, the respondent's unblemished disciplinary record, expressed remorse, and admission of wrongdoing; evidence of his good character, community involvement, and military service; his personal and emotional difficulties, including his diagnosis of post-traumatic stress disorder; and his full reimbursement of the Isakharov funds as of November 25, 2019.
Under the totality of the circumstances, we conclude that the respondent's conduct warrants his suspension from the practice of law for a period of three years, effective immediately, with credit for the time elapsed under the interim suspension imposed by decision and order on motion of this Court dated September 16, 2020.
LASALLE, P.J., MASTRO, RIVERA, DILLON and AUSTIN, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Jorge A. Vasquez, admitted as Jorge Armando Vasquez, a suspended attorney, is suspended from the practice of law for a period of three years, effective immediately, with credit for the time elapsed under the interim suspension imposed by decision and order on motion of this Court dated September 16, 2020, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than March 16, 2023. In such application (see 22 NYCRR 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension he (1) refrained from practicing or attempting to practice law, (2) [*3]fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11, and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Jorge A. Vasquez, admitted as Jorge Armando Vasquez, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Jorge A. Vasquez, admitted as Jorge Armando Vasquez, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Jorge A. Vasquez, admitted as Jorge Armando Vasquez, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court